1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARGARET BROOKS,                          No.  2:25-cv-3280 TLN AC

12                     Plaintiff,

13        v.                                    ORDER

14   HON. REGINA SCANNICHIO, et al.,

15                     Defendants.

16

17        Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on

18   November 12, 2025.  ECF Nos. 1 & 2.  This matter is before the undersigned pursuant to Local

19   Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The allegations suggest that venue is improper in this

20   District, and that the court lacks personal jurisdiction over defendants.  For the following reasons,

21   the court orders plaintiff to show cause as to why this action should not be dismissed due to

22   improper venue and/or due to the absence of personal jurisdiction.

23        Plaintiff lists her town of residence as Monterey, California.  ECF No. 1 at 1.  Plaintiff

24   names as defendants multiple individuals located in Wisconsin or Illinois, including a judge for

25   the Illinois Circuit Court of Cook County, and one defendant whose location is unknown.  Id. at

26   2.  Plaintiff also alleges that these defendants laundered money through multiple unnamed

27   individuals in Texas and Northern California.  Id.

28        On June 13, 2011, the Circuit Court of Cook County, Illinois entered a Judgment of

Dissolution of Marriage between plaintiff and her ex-husband, defendant William Duffy.  Id. at 9-11.  The Marital Settlement Agreement executed that day required Duffy to pay half of his gross income as unallocated family support until one of three events occurred.  Id. at 22, 24.  The complaint alleges that this "maintenance" should have amounted to $100,000 annually, and that to date none of the events that would terminate this obligation have occurred.  Id. at 4, 8.  Aside from not paying this amount, the complaint accuses Duffy of breaking laws repeatedly "while obstructing justice, laundering money and abusing and violating" the rights of both plaintiff and her children.  Id. at 4.  Plaintiff also accuses Duffy, members of his family and her own, and unspecified "frenemys" of trying to kill her with food and airborne assaults over several years.  Id. at 6.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Personal jurisdiction, in turn, requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (internal citation omitted).  Personal jurisdiction can be general or specific.  For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts that "approximate physical presence" in the forum state.  Id.  Alternatively, for a court to have personal jurisdiction over a defendant's specific conduct:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2

(2) The claim must be one which arises out of or relates to the defendant's forum related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 802.

Although the complaint asserts collusion with unknown entities in California, none of the named defendants are California residents. ECF No 1 at 2. The complaint also fails to allege that any of the events underlying the claim transpired in this district. The complaint's nonconclusory allegations concern the violation of a divorce settlement agreement that was executed in Illinois, with the court retaining jurisdiction to enforce it. Id. at 4, 8-42. Venue accordingly appears to be lacking in the Eastern District of California. Moreover, the absence of alleged defendant conduct in California – aside from conclusory allegations of attempted murder – seemingly leaves this court without general or specific personal jurisdiction.

In accordance with the above, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, within 21 days of this order, as to why this action should not be dismissed due to improper venue and/or the absence of personal jurisdiction.

DATED: January 7, 2026

_____

ALLISON CLAIRE

UNITED STATES MAGISTRATE JUDGE