UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>HON. REGINA SCANNICHIO, et al.,<br><br>Defendants. | No.  2:25-cv-3280 TLN AC<br><br><br>FINDING & RECOMMENDATIONS |

Plaintiff is proceeding pro se, and this matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On January 8, 2026, plaintiff was ordered to show cause why this action should not be dismissed due to improper venue and/or the absence of personal jurisdiction.  ECF No. 3 at 3.  Plaintiff responded on January 26, 2026.  ECF No. 4.  For the reasons that follow, the undersigned recommends that the case be dismissed.

I.      The Complaint

Plaintiff, a resident of Monterey, California, brings this suit against a judge in Chicago, a "treasonous thug" with addresses in Illinois and Wisconsin, and a Chicago lawyer or lawyers. ECF No 1 at 1-2.  Plaintiff alleges in conclusory terms that these defendants laundered money through multiple unnamed individuals in Texas and Northern California.  Id.

The putative claims arise from the following facts.  On June 13, 2011, the Circuit Court of Cook County, Illinois entered a Judgment of Dissolution of Marriage between plaintiff and her

1

ex-husband, defendant William Duffy.  Id. at 9-11.  The Marital Settlement Agreement executed that day required Duffy to pay half of his gross income as unallocated family support until one of three events occurred.  Id. at 22, 24.  The complaint alleges that this "maintenance" should have amounted to $100,000 annually, and that to date none of the events that would terminate this obligation have occurred.  Id. at 4, 8.  Aside from not paying this amount, the complaint accuses Duffy of breaking laws repeatedly "while obstructing justice, laundering money and abusing and violating" the rights of both plaintiff and her children.  Id. at 4.  Plaintiff also accuses Duffy, members of his family and her own, and unspecified "frenemys" of trying to kill her with food and airborne assaults over several years.  Id. at 6.

II.    Venue

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Venue is not proper here.  None of the named defendants reside in the Eastern District of California, and none of the events giving rise to plaintiff's claims occurred here.  In response to the Order to Show Cause, plaintiff asserts that a civil case she filed in a different federal judicial district has been obstructed.  ECF No. 4 at 2.  This allegation does not affect the propriety of venue in the Eastern District of California, however.  In any event, venue under the third prong of the statute requires that a defendant be subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b)(3).  The court now turns to that issue.

III.    Personal Jurisdiction

Personal jurisdiction requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'."  Schwarzenegger v. Fred Martin Motor Co., 374

F.3d 797, 801 (9th Cir. 2004) (internal citation omitted).  Personal jurisdiction can be general or specific.  For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts that "approximate physical presence" in the forum state.  Id.  Alternatively, for a court to have personal jurisdiction over a defendant's specific conduct:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 802.

There is no basis for general jurisdiction over any defendant, as none of them are alleged to engage in continuous and systematic business in California.  There is no basis for specific personal jurisdiction because none of defendants' conduct at issue had any relationship whatsoever to the Eastern District of California.  Accordingly, it would be entirely inconsistent with fair play and substantial justice for this court to assert jurisdiction over the defendants.

IV.    Conclusion

In accordance with the above, **IT IS HEREBY RECOMMENDED THAT** this action be dismissed without prejudice for improper venue and lack of personal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d).  Plaintiff is advised that failure to file

////

////

////

3

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: February 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4